Orlindo SIERRA,

v.

LEHIGH COUNTY PENNSYLVANIA, Timothy Carver, Leroy Beans, H. Ring, G. Schairer, D. Ressler, H. Morris, J.W. Thomas, D. Pizzarro and F. Williams.

Civ. A. No. 84–152.

United States District Court, E.D. Pennsylvania.

Aug. 7, 1985.

Orlindo Sierra, pro se.

Patrick J. Reilly, Asst. County Sol., Lehigh County, Allentown, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, Senior District Judge.

Orlindo Sierra was an inmate at Lehigh County Prison, when in February, 1983, he was involved in an incident with several prison guards which ultimately led to his placement in B.A.U. for ninety (90) days, the filing of criminal charges against him and this law suit. Plaintiff alleges that he was subjected to a beating by prison guards which resulted in permanent injuries. Plaintiff does not reveal the nature or extent of his injuries. The *pro se* complaint itself does not relate the facts of the incident, instead it simply states that plaintiff's Eighth Amendment rights were violated as a result of the beating. Defendants have filed motions to dismiss and for summary judgment, accompanied by supporting affidavits. Plaintiff has responded to these motions and it is from this response that the Court elicits plaintiff's version of the events leading up to and following the alleged beating, as well as additional claims by plaintiff of deprivation by defendants of his constitutional rights. The Court will treat the allegations set forth in plaintiff's response to defendants' motions as though set forth in plaintiff's original form complaint. The Court will rule on

defendants' motion for summary judgment as opposed to the motion to dismiss due to the Court's review and consideration of pleadings outside of the original complaint.

The Court will address plaintiff's request for appointment of counsel before turning to the motion for summary judgment. Although a district court may in its discretion appoint counsel pursuant to 28 U.S.C. § 1915(d), there is no constitutional or statutory right thereto. *Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir.1981). In light of the difficulties inherent in finding attorneys willing to invest the time and money required to prosecute inmate civil rights actions, appointment of counsel should be reserved for "those inmates who appear unable to litigate their own actions". *Watson v. Frame, et al.*, (No. 83–4653) slip op. at 2, (E.D.Pa. December 8, 1983). Plaintiff cannot meet that standard in this case. In addition, as will be discussed shortly, the case at hand does not present a cognizable claim on plaintiff's behalf.

Turning now to the pending motion for summary judgment, the Court will review plaintiff's allegations and recitation of the facts in this case. Plaintiff alleges that he was accused of committing an infraction of the rules and told he would be reprimanded by not being permitted to eat with fellow inmates. He was not permitted to request nor was he given a copy of the misconduct charge which resulted in the loss of mess privileges, which he believes was a violation of his First and Fourteenth Amendment rights. Plaintiff also alleges that when he protested this action Officer Ring used excessive force, including kicking, in order to subdue him. Officers Schairer, Ressler, Morris, Thomas, Pizzarro and Williams also present were not accused of using excessive force, but rather of violating plaintiff's First Amendment rights by not permitting him to request a copy of the charge against him. Plaintiff alleges that as a result of actions taken by defendant Carver, he was punished twice for this incident, once in a disciplinary proceeding within the prison over which Carver presid-ed and a second time when criminal charges were filed in the Court of Common Pleas. Plaintiff asserts a claim against Leroy Bean, then warden of the Lehigh County Prison. Plaintiff claims that as a result of his position of command, Warden Bean was vicariously liable for the actions of his subordinates. Plaintiff asserts a similar claim against defendant Carver and the County of Lehigh. Finally, plaintiff claims that the County failed to provide adequate training and screening of the correctional officers and that such failure made it responsible for those actions of the guards which allegedly violated plaintiff's Eighth Amendment right to be free of cruel and unusual punishment.

In deciding a motion for summary judgment the Court must determine whether the moving party has carried its burden of showing that there are no genuine issues of material facts and that it is entitled to judgment as a matter of law. *Hollinger v. Wagner Mining Equipment Co.*, 667 F.2d 402 (3d Cir.1981). All evidentiary material of record must be read in a light most favorable to the nonmoving party. *Small v. Seldows*, 617 F.2d 992 (3d Cir. 1980). The responding party may not rest on the allegations of his/her pleading but must present by affidavit or otherwise specific facts sufficient to create a genuine issue of material fact. *Sunshine Books, Ltd. v. Temple University*, 697 F.2d 90 (3d Cir.1982); Federal Rules of Civil Procedure 56(e). After reviewing all pleadings, motions, documents and affidavits filed in this action, the Court concludes that plaintiff has not presented, via affidavit or otherwise, specific facts sufficient to create a genuine issue of material fact in this action.

The initial inquiry in a § 1983 action is two-fold; "... (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of his rights, privileges or immunities secured by the Constitution or laws of the United States". *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68

L.Ed.2d 420 (1981). Prison officials acting in their official capacity are acting under color of state law.

■ Although plaintiff's claim against Officers Schairer, Ressler, Mossi, Thomas, Pizzarro and Williams is for a deprivation of plaintiff's First Amendment rights, the Court, after a thorough review of the record, characterizes plaintiff's claim as a violation of his right to due process. The Fourteenth Amendment provides that no state shall deprive any person of life, liberty or property, without due process of law. Plaintiff has the burden of establishing several elements in order to make out a valid due process claim. Plaintiff must show the existence of a protected life, liberty or property interest, the deprivation of that protected interest and the state action which brought about the deprivation. *Parratt v. Taylor, supra.*

■ In the present case the plaintiff has not established the existence of a protected liberty interest. It is well settled that while no state may deprive any person of life, liberty or property without due process of law, only a limited range of interests fall within this provision. Liberty interests protected by the Fourteenth Amendment may arise from two sources, the due process clause and the laws of the state. *Hewitt v. Helms,* 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983). Under the Pennsylvania Code an inmate has a protected liberty interest in remaining in the prison population.[1] In the case at bar plaintiff was not deprived of this liberty interest. To the contrary, he was permitted to remain in the general prison population and the only restriction placed on him was the loss of mess privileges that evening. This does not rise to the level of a protected liberty interest and thus plaintiff did not carry his burden and allege a valid due process claim under § 1983 against the six defendant prison guards.

■ Plaintiff alleges that Officer Ring utilized excessive force thereby violating plaintiff's Eighth Amendment right.

Affording the pleadings a liberal construction as mandated by *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) plaintiff's allegations lack the specificity needed to establish a viable civil rights claim. *Rotolo v. Borough of Charleroi,* 532 F.2d 920 (3d Cir.1976). Plaintiff does not indicate whether Ring's conduct was part of a pattern or routine of physical abuse to which he was subjected or merely one incident among isolated incidents. As to the latter, it is well established that isolated torts which are cognizable under state law do not become constitutional violations solely because the complaining party is a prisoner. *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976); *Paul v. Davis,* 424 U.S. 693, 699–701, 96 S.Ct. 1155, 1159–1160, 47 L.Ed.2d 405 (1976). In short, plaintiff's lone allegation with regard to Officer Ring that he used excessive force to subdue plaintiff, without more, does not rise to the level of a constitutional wrong. In addition, plaintiff presents no affidavits or other forms of evidence to support such an allegation. Whereas, Officer Ring and Officer Thomas filed sworn affidavits, refuting plaintiff's allegation and further stating that any force used was in the nature of self-defense. Therefore, the Court has no alternative but to grant summary judgment in favor of Officer Ring.

■ Plaintiff presents a claim against Timothy Carver, charging him with violations of plaintiff's Fifth, Sixth, Eighth, Ninth and Fourteenth Amendment rights. Plaintiff claims that Carver presided over the disciplinary hearing following this incident and caused criminal charges to be filed against the plaintiff. However, plaintiff presents no facts upon which the Court can determine how or whether plaintiff's rights may have been violated. Plaintiff makes no allegation that the procedures followed at the hearing, over which Carver presided, violated his constitutional rights, except that he was given ninety days in B.A.U. and subjected to criminal charges

---

1. Title 37 Pa.Code § 95.104(b)(1), (b)(3) (1978).

as well. The Court is unable to discern any violation of plaintiff's constitutional rights. Plaintiff was not subjected to double jeopardy as he seems to believe. He violated prison discipline as well as committing a criminal offense which resulted in two unrelated penal proceedings. The Court concludes that the allegations against Carver do not constitute a valid civil rights claim.

 Plaintiff's allegations against former Warden Leroy Bean and Lehigh County are premised solely on the theory of respondeat superior. Plaintiff also makes a similar claim against Timothy Carver. Plaintiff claims that by virtue of their positions of command Bean, Carver and Lehigh County are responsible and, therefore, liable for the actions of their subordinates. It is a well settled principle that liability under § 1983 cannot be based on the traditional theory of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). Consequently, where, as here, the complaint fails to allege personal involvement of the County, Warden Bean, or Timothy Carver, in the form of actual participation or acquiescence in the alleged unlawful conduct, there is no § 1983 liability. *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077 (3d Cir. 1976). It is clear that plaintiff has not alleged a valid claim pursuant to § 1983 against Bean, Carver and the County of Lehigh and as a matter of law, these defendants are entitled to summary judgment.

In light of the foregoing, the Court finds that plaintiff has failed to assert a cause of action under § 1983 and will, therefore, enter summary judgment in favor of all defendants and against plaintiff. An appropriate order follows.