**Eric PAYTON**

v.

**Donald VAUGHN, Superintendent,**

**William Winder, Deputy Superintendent,**

**Thomas Stachelek, Deputy Superintendent.**

**Civ. A. No. 91–7950.**

United States District Court, E.D. Pennsylvania.

Sept. 10, 1992.

Eric Payton, pro se.

Beth Anne Smith, Office of Atty. Gen., Philadelphia, Pa., for defendants.

## MEMORANDUM

KATZ, District Judge.

Defendants Donald Vaughn, William Winder, and Thomas Stachelek have moved for Summary Judgment in the above captioned case. For the following reasons, the motion will be granted.

Plaintiff, a prisoner at the State Correctional Institution at Graterford ("SCIG"), has sued Donald Vaughn, Superintendent of SCIG; William Winder, Deputy Superintendent of Operations; and Thomas Stachelek, Deputy Superintendent of Treatment Services, for damages under 42 U.S.C. § 1983; the eighth amendment; and the fourth amendment. Plaintiff alleged in his complaint that certain conditions of his confinement, denial of medical treatment, and a strip search violated his constitutional rights. Plaintiff only seeks money damages. Defendants Vaughn, Winder, and Stachelek have moved for summary judgment on the ground that they have not violated the plaintiff's federal constitutional rights.

Summary judgment is authorized by Federal Rule of Civil Procedure 56, which states:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). "Material" facts are those facts that might affect the outcome of the suit under the substantive law governing the claims made. An issue of fact is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party" in light of the burdens of proof required by substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 252, 106 S.Ct. 2505, 2510, 2512, 91 L.Ed.2d 202 (1986).

As will be detailed for each count below, the Plaintiff has failed to establish the existence of any genuine issues of material fact.

### I. *The Section 1983 Claim*

■ Under 42 U.S.C. § 1983, a right of action is provided against any person who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States ... to [be deprived] of any rights, privileges, or immunities secured by the Constitution and laws...." To impose liability under Section 1983, a plaintiff must establish with particularity that the named defendant was directly and personally involved in the deprivation of the plaintiff's rights. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988); *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir.1976). "To make out a case under § 1983, the plaintiff must show actual participation in the unlawful con-

duct, or actual knowledge of and acquiescence in that conduct." *Roach v. Kligman*, 412 F.Supp. 521, 528 (E.D.Pa.1976). The doctrine of *respondeat superior* is inapplicable to Section 1983 claims. *Rode*, 845 F.2d at 1207.

■ Plaintiff has failed to show that the defendants Vaughn, Winder, and Stachelek personally deprived him of a constitutional or other federally-protected right. The Plaintiff has admitted that defendants Vaughn, Winder, and Stachelek had no personal involvement, knowledge of, or acquiescence in the alleged unlawful prison conditions, denial of medical care, or strip search, he has failed to state a cognizable claim under Section 1983. *See* Defendants' Exh. 5 (Plaintiff's response to interrogatories), at ¶¶ 37, 39, 41. Nor did any of the defendants receive notice from the Plaintiff of the alleged violations by either oral or written complaint. *See* Defendants' Exh. 2 (Declaration by Stachelek) at ¶ 5; Exh. 7 (Declaration by Vaughn) at ¶ 3; Exh. 8 (Declaration by Winder) at ¶ 4. The fact that the Plaintiff complained to prison guards on his cell-block regarding these alleged violations is irrelevant in the case against the named defendants. Summary judgment, therefore, is granted with regard to Plaintiff's Section 1983 claim.

### II. *Prison Conditions: Failure to Establish An Eighth Amendment Claim*

■ To establish that prison conditions violate the eighth amendment, a plaintiff must allege facts showing that such conditions result in the wanton and unnecessary infliction of pain, or are grossly disproportionate to the severity of the crime warranting punishment. *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981). The plaintiff must also allege that defendants acted with deliberate indifference with respect to the challenged conditions. *Wilson v. Seiter*, —— U.S. ——, ——, 111 S.Ct. 2321, 2328, 115 L.Ed.2d 271 (1991).

■ The Plaintiff has alleged that the prison conditions at SCIG were unpleasant,

however, unpleasant prison conditions in and of themselves do not state a cognizable eighth amendment claim. All that a prison is required constitutionally to give an inmate is a minimal civilized measure of life's necessities. *Rhodes*, 452 U.S. at 347, 101 S.Ct. at 2399. "To the extend that such [prison] conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Id.* The court cannot find the conditions of plaintiff's confinement as the Plaintiff has alleged them to be amount to any more than unpleasantness. The conditions do not reach the level of cruel and unusual punishment.

### III. *Medical Condition: Failure to Establish Deliberate Indifference*

■■■■■ Plaintiff also alleged a deliberate indifference to his medical needs. This claim, however, also fails to establish an eighth amendment violation. Unless an inmate establishes that the defendant acted with deliberate indifference and that the inmate's alleged medical needs were serious, he fails to state an eighth amendment claim. *Monmouth County Correctional Institute Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir.1987), *cert. denied*, 486 U.S. 1006, 108 S.Ct. 1731, 100 L.Ed.2d 195 (1988). *See also Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Deliberate indifference occurs in such a situation as where prison guards intentionally deny or delay an inmate's access to medical care. *See United States ex rel. Walker v. Fayette County*, 599 F.2d 573, 575 n. 3 (3d Cir.1979) (citing *Estelle*, 429 U.S. at 104–05, 97 S.Ct. at 291).

■■■■■ The Plaintiff alleged that there was a one day delay in receiving a cold medication because there was no doctor available on the weekend. *See* Defendants' Exh. 1 (Complaint), at ¶ 8. He admitted, however, that he did receive the medication on the subsequent workday. *See* Defendants' Exh. 5 (Plaintiff's response to Interrogatories), at ¶ 31(d). This allegation does not establish that there was a serious medical need which was treated with indifference. Furthermore, the Plaintiff did not

complain to any of the named defendants regarding his inability to obtain medical care. Nor did any of the defendants receive notice from the Plaintiff of the alleged violations by either oral or written complaint. *See* Defendants' Exh. 2 (Declaration by Stachelek) at ¶ 5; Exh. 7 (Declaration by Vaughn) at ¶ 3; Exh. 8 (Declaration by Winder) at ¶ 4. As such, these actions fail to establish the critical link that the defendants themselves acted with deliberate indifference to the Plaintiff's medical needs.

Therefore, defendants Vaughn, Winder, and Stachelek will be granted their motion for summary judgment with regard to the eighth amendment counts.

### IV. *Strip Search Claims*
#### A. *Failure to Establish Fourth Amendment Violations*

■■■■ The fourth amendment prohibits unreasonable searches. An inmate's rights, however, under the fourth amendment are limited both by the need to maintain prison security and by the inmate's own reduced expectancy of privacy. *Bell v. Wolfish*, 441 U.S. 520, 558–60, 99 S.Ct. 1861, 1884–85, 60 L.Ed.2d 447 (1979); *Lyon v. Farrier*, 727 F.2d 766, 769 (8th Cir.1984), *cert. denied*, 469 U.S. 839, 105 S.Ct. 140, 83 L.Ed.2d 79 (1984).

The plaintiff did not allege that the strip search was unreasonable or unnecessary. Therefore, the plaintiff has not stated a valid fourth amendment claim.

#### B. *Failure to Establish Eighth Amendment Violations*

■■■■ As discussed before, to establish that prison conditions violate the eighth amendment, a plaintiff must allege facts showing that such conditions result in the wanton and unnecessary infliction of pain, or are grossly disproportionate to the severity of the crime warranting punishment. *Rhodes*, 452 U.S. at 347, 101 S.Ct. at 2399. The claim that the strip search violated the Plaintiff's eighth amendment rights must also fail.

The plaintiff does not allege that the search was conducted in an abusive fash-

ion, or with unnecessary force. Plaintiff only alleged that he experienced some embarrassment through the strip search. Embarrassment alone because of casual observances by others does not offend the constitution. *Michenfelder v. Sumner,* 860 F.2d 328, 333–34 (9th Cir.1988).

Under both the fourth and the eighth amendments, the Plaintiff's allegation that his constitutional rights were violated because of the strip search must be dismissed, and defendant's motion for summary judgment on this count granted.

Judgment for defendants Vaughn, Winder, and Stachelek.