Darnell **WILLIAMS**

v.

Edward **SWEENEY.**

Civ. A. No. 94–CV–2916.

United States District Court, E.D. Pennsylvania.

April 17, 1995.

Darnell Williams, L.C.P. No. 18535, Allentown, PA, pro se.

Ronald E. Corkery, Asst. County Solicitor, County of Lehigh, Dept. of Law, Allentown, PA, for defendant.

## MEMORANDUM

JOYNER, District Judge.

*Pro se* Plaintiff, Darnell Williams, has brought suit against Defendant, Edward Sweeney, who is the Warden of Lehigh County Prison. At the time the Complaint was filed, Plaintiff was an inmate of Lehigh County Prison, although he is currently incarcerated in Graterford State Prison.

On January 15, 1994, while in the prison's General Population, Plaintiff allegedly expected a particular officer to be on duty, alone, during Plaintiff's gym period, and questioned the officer on duty why the expected officer was not there. According to a memo to Plaintiff from Defendant, the prison administration interpreted this questioning as an aggressive act, "based on [Plaintiff's] prior acts of aggression against this Officer and what may be a continuing pattern of 'stalking' the Officer, perhaps in an effort to harm him or as an act of intimidation prior to the Criminal Escape proceedings which are still pending." As a result of this interpretation, on January 24, 1995, Defendant reclassified Plaintiff to Administrative Segregation.[1] No disciplinary action, such as a misconduct charge, was ever brought against Plaintiff for the January 15, 1994 incident, nor was a hearing on the re-classification ever held.

Plaintiff's *pro se* Complaint pleads that his due process rights were violated

---

1. Administrative Segregation is different from Disciplinary Segregation. According to Lehigh County Prison Regulations, Administrative Segregation is designed to ensure the safety of one inmate from another inmate, to ensure the safety of staff and the facility or to ease integration from Disciplinary Segregation to General Population. It is not punitive in nature, and inmates classified to Administrative Segregation have the same general privileges as those in the General Population, except for freedom of movement. *Cf.* 37 Pa.Code § 95.226(a) *with* 37 Pa.Code § 95.240.

when, without a hearing, he was placed in Administrative Segregation for the January 15, 1994 incident. He also alleges that while in Administrative Segregation, he was deprived of his right to free exercise of his religion, as well as denied access to the law library and the courts.[2]

Defendant has filed the present Motion for Summary Judgment.[3] In considering a motion for summary judgment, a court must consider whether the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue of material fact, and whether the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The court must determine whether the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

In making this determination, all of the facts must be viewed in the light most favorable to the non-moving party and all reasonable inferences must be drawn in favor of the non-moving party. *Id.* at 256, 106 S.Ct. at 2514. Once the moving party has met the initial burden of demonstrating the absence of a genuine issue of material fact, the non-moving party must establish the existence of each element of its case. *J.F. Feeser, Inc. v. Serv–A–Portion, Inc.*, 909 F.2d 1524, 1531 (3d Cir.1990), *cert. denied*, 499 U.S. 921, 111 S.Ct. 1313, 113 L.Ed.2d 246 (1991) (*citing*

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986)).

■ First, Defendant challenges Plaintiff's assertion of a right to a hearing before being placed in Administrative Segregation. To succeed on his claim, Plaintiff must show that Defendant acted under color of state law and that his conduct deprived Plaintiff of a right, privilege or immunity secured by the United States Constitution or law. 42 U.S.C. § 1983; *Stephany v. Wagner*, 835 F.2d 497, 499 (3d Cir.1987), *cert. denied*, 487 U.S. 1207, 108 S.Ct. 2851, 101 L.Ed.2d 888 (1988). Defendant concedes that he is a state actor; accordingly, we look to whether Plaintiff has demonstrated deprivation of a protected right. Because the Supreme Court has held that a prisoner has no liberty interest through the Due Process Clause to be classified to General Population, Plaintiff must allege facts sufficient to show a state-created liberty interest. *Id.* (citing *Hewitt v. Helms*, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983)).

A state creates a liberty interest, and the concomitant right not to be deprived of that interest without due process of law, when the state "plac[es] substantive limitations on official discretion." *Olim v. Wakinekona*, 461 U.S. 238, 249, 103 S.Ct. 1741, 1747, 75 L.Ed.2d 813 (1983). The Third Circuit has held that the state does not create a liberty interest in being classified General Population when the prison's rules give prison ad-

---

**2.** Plaintiff also avers "Plaintiff was denied participation in drug and alcohol counseling and support groups. Plaintiff also was denied access to educational and entertainment reading material." Plaintiff does not have, however, a constitutional right to access to these programs. *See e.g., Sierra v. Lehigh County*, 617 F.Supp. 427, 430 (E.D.Pa.1985) ("only a limited range of interests fall within" liberty interests—eating with friends not protected); *Tunnell v. Robinson*, 486 F.Supp. 1265, 1272 (W.D.Pa.1980) (no constitutional right to order from catalogues). Accordingly, we do not consider them in this discussion.

**3.** Resolution of this Motion has been delayed for several months due to discovery problems. Two months after the November, 1994 Motion for Summary Judgment was filed, Plaintiff responded to the Motion, but requested this Court to compel discovery so that he could adequately respond to the Motion. In January, 1995, this

Court granted Plaintiff's Motion and gave Plaintiff an additional period of time to supplement his response to the summary judgment motion. In February, 1995, this Court received Plaintiff's Motion for Request of Default Judgment, which we construed as a request for sanctions for failure to comply with a Court order compelling discovery. We denied this Motion on the ground that Defendant had complied with discovery, but because of administrative difficulties, Plaintiff had simply not received it. Upon counsel's representation that the discovery would be hand-delivered to Plaintiff, we denied the motion and gave Plaintiff an additional 45 days to supplement his response to the summary judgment motion. To date, we have received no supplemental response from Plaintiff, nor an allegation that he did not receive the discovery. Accordingly, we only have his original response, which is an affidavit.

ministration, such as Defendant, discretion to place or retain a prisoner in Administrative Segregation. *Stephany,* 835 F.2d at 502.

Lehigh County Prison Regulations provide that a Warden may place a prisoner in Administrative Segregation for any of several enumerated reasons, "*or for other reasons as determined by the Warden.*" Sweeney Aff. Ex. A. at 1. There is no provision in the Regulations for a hearing to challenge the Warden's decision to place a prisoner in Administrative Segregation.[4] *Id.* The Regulations, therefore, give the Warden of the Lehigh County Prison discretion to classify someone to Administrative Segregation and to retain that classification. Under *Stephany,* when the decision to place and retain a prisoner in Administrative Segregation is "left wholly unchecked," there is no state-created liberty interest. *Id.* Indeed, a case recently decided by our Court involving the same defendant and the same Administrative Segregation rules as this case, held that the plaintiff had no due process right to a hearing before being classified Administrative Segregation, nor a right to be placed in the General Population. *Robinson v. Klotz,* No. 94–1993, slip op. at 10, 1995 WL 27479, at *5 (E.D.Pa. Jan. 27, 1995) (Buckwalter, J.).

Here, Defendant's power to place Plaintiff in Administrative Segregation was wholly unchecked, therefore, we find that the state has not created a liberty interest, and thus, Plaintiff has no due process right to a hearing concerning placement and retention in Administrative Segregation. For this reason, Defendant's Motion for Summary Judgment on Plaintiff's due process claim concerning placement and retention in Administrative Segregation is GRANTED.

Next, Plaintiff asserts that his civil rights were violated in that he was denied access to the law library and the courts as well as access to religious materials. Defendant does not address the legal aspects of this claim in his Brief, but does aver in his Affidavit that Plaintiff was at all times permitted access to the law library, visits with his attorney, access to items needed for the practice of his religion, visits with his approved clergy, and all other privileges provided to prisoners in General Population except those involving freedom of movement.

Prisoners, even those in segregation, have a constitutional right to meaningful access to the courts via access to law libraries. *Valentine v. Beyer,* 850 F.2d 951 (3d Cir.1988). In addition, prisoners have a constitutional right to free exercise of their religion. *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987). A prison can, however, limit access to even Constitutionally protected rights when it determines that limits are necessary to further legitimate penal interests, and so long as the limits do not "substantially burden" the prisoner's right to free exercise. *Thornburgh v. Abbott,* 490 U.S. 401, 407, 109 S.Ct. 1874, 1878, 104 L.Ed.2d 459 (1989) (limiting 1st Amendment right of access to certain magazines); 42 U.S.C. § 2000bb–1. To allege a constitutional deprivation of the right of access to the courts, a prisoner must allege an actual injury. *Peterkin v. Jeffes,* 855 F.2d 1021, 1039 (3d Cir.1988). To allege a violation of the right to exercise one's religion, a plaintiff must allege a substantial burden on the exercise. *Robinson,* slip op. at 16, 1995 WL 27479 at *7.

In this case, even construing Plaintiff's *pro se* complaint generously, and resolving all doubts in his favor under Rule 56, we find that Plaintiff has not sufficiently alleged facts to support either claim. He merely avers, "Plaintiff was denied access to the courts. Plaintiff was denied access to practice his religious faith." These conclusory averments do not rise to the level of an allegation of "actual injury" or "substantial burden." Moreover, Plaintiff's contentions do not rise to the level of "specific facts" sufficient to create a genuine issue of material fact under Rule 56(e), given that Defendant has specifically averred that Plaintiff was not denied access to the courts, to the law library, to religious articles, or to his choice of clergy. Accordingly, we grant summary judgment on this aspect of Plaintiff's Complaint.

---

4. Before a prisoner is classified to Disciplinary Segregation, however, the prisoner is entitled to notification and a hearing. 37 Pa.Code § 95.240.

Plaintiff's affidavit states that he has a claim of equal protection violation as well as his due process claims. Nowhere in either his Complaint or his opposition to this Motion, however, does Plaintiff allege facts to support this claim, or give any factual basis for the claim. We find, therefore, that Plaintiff has not created a genuine issue of material fact that he was treated differently than anyone else in violation of the Equal Protection Clause. Accordingly, we grant summary judgment on this claim.