Steven HILL, Plaintiff,

v.

Dale BLUM, et al., Defendants.

No. 95–CV–0253.

United States District Court,
E.D. Pennsylvania.

Feb. 22, 1996.

Steven Hill, Frackville, PA, Pro Se.

Randall J. Henzes, Office of Attorney General, Philadelphia, PA, for Defendants.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

We address today the cross-motions for summary judgment filed by the parties in this 42 U.S.C. § 1983 case arising from an alleged sexual assault. The *pro se* plaintiff is Steven Hill, a prison inmate who was housed at the State Correctional Institution in Frackville, Pennsylvania during the time period relevant to this lawsuit. In his complaint, Mr. Hill seeks monetary relief on the following theories: (1) that Defendant Dale Blum, a prison guard, assaulted him in violation of the rights guaranteed to him under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution; and (2) that he was discharged from his assignment in the kitchen in retaliation for his filing of a grievance. Both parties have since submitted motions for summary judgment.

For the reasons that follow, we will grant Defendant's motion and deny Mr. Hill's motion.

## STANDARD

In considering a motion for summary judgment, a court must consider whether the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue of material fact, and whether the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The court must determine whether the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In making this determination, all of the facts and all reasonable inferences drawn therefrom must be viewed in the light most favorable to the non-moving party. *Id.* at 256, 106 S.Ct. at 2514. Once the moving party has met the initial burden of demonstrating the absence of a genuine issue of material fact, the non-moving party "must establish the existence of each element on which it bears the burden of proof." *J.F. Feeser, Inc. v. Serv–A–Portion, Inc.,* 909 F.2d 1524, 1531 (3d Cir.1990) (*citing Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)), *cert. denied,* 499 U.S. 921, 111 S.Ct. 1313, 113 L.Ed.2d 246 (1991).

## BACKGROUND

The facts emerging from discovery are as follows. On October 28, 1994, Mr. Hill was working in the kitchen at Frackville. At the conclusion of the shift, Officer Blum conducted a pat search of Mr. Hill.[1] The plaintiff claims that during the "process of pat searching me down, he, like, cupped my—my genital, my nuts and squeezed them, you know, fairly hard." Plaintiff's depo. at 4. Mr. Hill further testified that the incident lasted for "[a]bout two seconds." *Id.* at 5. Mr. Hill filed a complaint with the grievance officer at Frackville, who concluded that Officer Blum

---

1. According to the Department of Corrections Administrative Directive regarding pat searches, the staff person conducting the search is required to "run the hand over the inmate's lower abdomen and crotch carefully, looking for concealed articles that may be taped to these *areas.*" Adm.Dir. 203, VII(B)(2)(g) (emphasis added).

"is conducting his pat searches in the manner in which he was trained." Frackville's superintendent sustained the Grievance Officer's finding on November 15, 1994. In December 1994, the kitchen support team at Frackville removed Mr. Hill from his kitchen position, citing Mr. Hill's poor attitude. Mr. Hill alleges that this action was taken in retaliation for his filing of the grievance. Mr. Hill filed the instant action on January 23, 1995.

## ANALYSIS

We first resolve Officer Blum's motion for summary judgment, and therefore consider the facts presented in the light most favorable to Mr. Hill. As noted above, Mr. Hill asserts that Officer Blum violated rights secured to him by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution. Officer Blum contends that even if he did squeeze Mr. Hill's genitals in the manner alleged, that such conduct fails to rise to the level of a constitutional violation. We therefore must consider whether, under the facts presented by Mr. Hill, Officer Blum's action deprived Mr. Hill of one of the constitutional rights identified in the complaint. After careful consideration, we conclude that Officer Blum is entitled to an award of summary judgment, since he did not violate Mr. Hill's constitutional rights by his alleged conduct. Thus, we must deny Mr. Hill's summary judgment motion.

### 1. First Amendment Claim

■ A prisoner has a constitutional right to the free exercise of his religion. *Williams v. Sweeney,* 882 F.Supp. 1520, 1523 (E.D.Pa. 1995) (citing *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987)). Thus, prison officials are constitutionally required to accommodate the religious beliefs of the inmates. *Muslim v. Frame,* 854 F.Supp. 1215, 1224 (E.D.Pa.1994) (citing *Africa v. Pennsylvania,* 662 F.2d 1025, 1031 (3d Cir.1981), *cert. denied,* 456 U.S. 908, 102 S.Ct. 1756, 72 L.Ed.2d 165 (1982)). In prison, however, religious practices are subject to reasonable restrictions in order to maintain order and ensure safety. *Id.* (citing *Long v. Parker,* 390 F.2d 816, 820 (3d Cir.1968)). Thus, in *Muslim,* a county prison regulation prohibiting prisoners from wearing shorts while showering was justified by the interest in protecting the prison population from violence, and was therefore not a First Amendment violation, even though it was contrary to the plaintiff's religious beliefs to shower naked in the presence of others. *Id.* at 1226.

■ Mr. Hill alleges that Officer Blum encroached upon his moral, ethical, and religious beliefs as a Muslim when he touched Mr. Hill's genitals during the pat search, and that this act constituted a violation of his First Amendment right to the free exercise of his religion. Mr. Hill concedes that a pat search conducted in accordance with prison regulations is a legitimate, constitutionally permissible action, but argues that the particular search at the heart of this dispute was improper in that it went beyond the bounds of the regulations. Specifically, Mr. Hill contends that the regulations allow a guard to search a prisoner's "crotch," but not his genitals.[2]

In response to this contention, we note first that the regulations explicitly provide that the guard must search the crotch and lower abdominal *areas* carefully. *See* emphasized language in note 1, *supra.* Further, the Webster's definition of crotch includes the *region* where the legs meet. *See* note 2, *supra.* As the phrase is understood in normal usage, a search of the "crotch area" or "crotch region" would include examination of the genitals. Thus, we conclude, based on the facts provided by Mr. Hill, that the search performed by Officer Blum was conducted in accordance with the regulations. Moreover, it appears that the regulation at issue here is essential for maintaining order in the prison. *See Turner v. Safley,* 482 U.S. 78, 89, 107 S.Ct. 2254, 2261, 96 L.Ed.2d 64 (1987) (holding that a prison regulation im-

---

**2.** Mr. Hill notes that the definition of "crotch" found in Webster's Dictionary refers to the "angle formed by the junction of two parts," and contains no mention of genitals. Our version of Webster's defines "crotch" as the "angle *or re-* gion of the angle formed by the junction of two parts or members, as two branches, limbs, or legs." Webster's II New Riverside University Dictionary 330 (emphasis added).

pinging upon an inmate's First Amendment rights is valid if it is "reasonably related to legitimate penological interests"). A pat search of an inmate who has concluded duty in the kitchen is obviously a prudent step in the direction of prison safety. Accordingly, we must award summary judgment to Officer Blum as to the First Amendment claim.

### 2. Fourth Amendment Claim

■■■ Mr. Hill alleges that Officer Blum violated his Fourth Amendment right against unreasonable searches. In considering whether a search of a prisoner is unreasonable, courts are to " 'consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted.' " *Grummett v. Rushen,* 779 F.2d 491, 495 (9th Cir.1985) (quoting *Bell v. Wolfish,* 441 U.S. 520, 559, 99 S.Ct. 1861, 1884, 60 L.Ed.2d 447 (1979)). In the instant case, the pat search occurred as Mr. Hill left the kitchen, and lasted approximately two seconds. Moreover, it is undisputed that such searches were conducted routinely, for security reasons. Finally, as we concluded in the previous section, the search was conducted in accordance with the pertinent regulation. Accordingly, we must award summary judgment to Officer Blum as to Mr. Hill's Fourth Amendment claim.

### 3. Fifth and Fourteenth Amendment Claims

■■■ Mr. Hill next argues that Officer Blum violated his Fifth Amendment rights.[3] A state actor violates an individual's due process rights only if the officer's conduct "shocks the conscience." *Friedman v. Young,* 702 F.Supp. 433, 436 (S.D.N.Y.1988). In *Friedman,* the plaintiff alleged that the defendant prison guard fondled his genitals and anus during a routine pat search. The plaintiff interpreted the defendant's action as a sexual advance. The court held that the

alleged fondling of an inmate during a pat down search was "too insubstantial to support the burden of a claim for a constitutional tort." *Id.* In the present case, Mr. Hill makes substantially the same allegation as did the plaintiff in *Friedman.* Thus, we conclude, as would the *Friedman* court, that Mr. Hill's Fifth Amendment-based constitutional claim must fail.

### 4. The Eighth Amendment Claim

■■■ Finally, Mr. Hill asserts that the alleged conduct amounted to a violation of his rights under the Eighth Amendment, which prohibits cruel and unusual punishment. To establish a claim under the Eighth Amendment, the prisoner must advance facts showing that the state actions result in the "wanton and unnecessary infliction of pain, or are grossly disproportionate to the severity of the crime warranting punishment." *Payton v. Vaughn,* 798 F.Supp. 258, 261 (E.D.Pa. 1992) (citing *Rhodes v. Chapman,* 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981)). In light of this standard, we conclude that Mr. Hill's Eighth Amendment claim must also fail. Mr. Hill concedes that the pat search lasted only two seconds and caused only minor pain, and has failed to set forth facts suggesting that Officer Blum conducted the search in an abusive fashion or with unnecessary force. As a result, we award summary judgment to Officer Blum with respect to the Eighth Amendment claim.

### 5. The Retaliation Claim

■■■ Mr. Hill alleges that he was removed from his position in the kitchen in retaliation for his filing of a grievance with the prison administration at Frackville. Although there is no right to a job or a particular position in a prison, prison officials cannot punish or retaliate against a prisoner who exercises his First Amendment rights by filing an administrative grievance or a civil

---

**3.** Mr. Hill cannot here state claim for deprivation of due process rights directly under the Fifth Amendment, since there is no allegation of federal action. The Fifth Amendment rights are, however, applicable with respect to state actions through the Fourteenth Amendment. *Schertz v. Waupaca County,* 683 F.Supp. 1551, 1561

(E.D.Wis.1988), *aff'd.,* 875 F.2d 578 (5th Cir. 1989). Therefore, we will award summary judgment to Officer Blum to the extent Mr. Hill states a claim directly under the Fifth Amendment, and will consider now the Fifth Amendment claim applicable here via incorporation by the Fourteenth Amendment.

action. *Williams v. Meese,* 926 F.2d 994, 998 (10th Cir.1991). Moreover, a defendant cannot be liable under § 1983 unless there is some showing that he was "either directly involved in, or had knowledge of and acquiesced in," the alleged violation. *Hodgin v. Roth,* 536 F.Supp. 454 (E.D.Pa.1982). In the present case, the evidence shows that Mr. Hill was removed from his position in the kitchen after a support team hearing. Mr. Hill concedes that Officer Blum was not a member of the team, depo. at 7, and has otherwise failed to produce any evidence to demonstrate that Officer Blum decided to remove him from his position. Therefore, we are compelled to grant Officer Blum's motion for summary judgment with respect to the retaliation claim.

## CONCLUSION

For the reasons stated above, we will grant Officer Blum's motion for summary judgment, while denying Mr. Hill's motion for summary judgment.

An appropriate order follows.

## ORDER

AND NOW, this 22nd day of February, 1996, upon consideration of Defendant Blum's Motion for Summary Judgment and Plaintiff Hill's Motion for Summary Judgment and responses thereto, it is hereby ORDERED that Defendant's Motion is GRANTED, and Plaintiff's Motion is DENIED.