Richard WILSON, Plaintiff,

v.

Martin F. HORN, et al., Defendants.

Civil Action No. 97–258.

United States District Court,
E.D. Pennsylvania.

Aug. 1, 1997.

---

Richard Wilson, Frackville, PA, pro se.

Randall J. Henzes, Office of Atty. Gen., Philadelphia, PA, for Defendants.

### ORDER AND MEMORANDUM

KATZ, District Judge.

**AND NOW,** this 1st day of Aug. 1997, consideration of defendants' Motion for Summary Judgment, and the response thereto, it is hereby **ORDERED** that defendants' Motion is **GRANTED.**

#### I. *Facts*

In this § 1983 action, plaintiff Richard Wilson ("Wilson") asserts a number of claims against individual prison officials at SCI–Frackville and the Commissioner of the Department of Corrections. Wilson is a general prison population inmate housed in a general population tier; the wing directly above him houses inmates in disciplinary custody. Def. Mot. Exs. 1, 2. He also alleges that the area is vermin-infested, extremely noisy, that the window in his cell has been broken and that his cell is cold in the winter, and that the combination of these conditions constitutes cruel and unusual punishment. *Id.* Exs. 1, 2. He also alleges that individual defendants have attacked him or deliberately made noise to upset him. *Id.* Ex. 1; Pl. Resp. Ex. 3. On September 24, 1996, Wilson was moved to a single cell. Def. Mot. Ex. 1. On or about October 14, 1996, Wilson wrote to defendant Schueren, the Unit Manager, complaining that defendant O'Donnell, a corrections officer, told him he could not speak to prisoners in a restricted area. *Id.* Ex. 2. On October 15, 1996, Schueren responded to plaintiff and told him that he was not allowed to yell to inmates on D.C. (disciplinary custody) status and carry on a conversation. *Id.* On November 1, 1996, plaintiff complained that food was thrown outside his cell door, that his cell was infested with mice, and that his cell had no heat. *Id.* Schueren responded to his complaint on November 9, 1996 and stated that the block was regularly cleaned and disinfected, and that the temperature was continuously monitored. *Id.* On January 12, 1997, Wilson complained that defendant O'Donnell would stand outside his cell door and bang his keys on the railing. *Id.* Schueren responded to his complaint on January 15, 1997. *Id.* Plaintiff went to sick call on January 14, 1997 and February 11, 1997 and complained of insomnia due to excessive noise and received medication for his insomnia. Pl. Response Exs. 7–8. On March 11, 1997, on a follow-up visit, Wilson reported that he was pleased with the medication he had received, "because it helps me to sleep and to relax at night." *Id.* Ex. 9.[1] Wilson has

---

1. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the burden of demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

When ruling on a summary judgment motion, the court must construe the evidence and any reasonable inferences drawn therefrom in favor of the non-moving party. *Tigg Corp. v. Dow Corning Corp.,* 822 F.2d 358, 361 (3d Cir.1987); *Baker v. Lukens Steel Co.,* 793 F.2d 509, 511 (3d Cir.1986). In other words, if the evidence presented by the parties conflicts, the court must accept as true the allegations of the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202 (1986). When the movant does not have the burden of proof on the underlying claim or claims, that movant has no obligation to produce evidence negating its opponent's case, but merely

alleged a variety of constitutional claims against the defendants, and the court will address each in turn.

## II. *Discussion*

### A. *Conditions of Confinement*

■ Wilson's allegations of substandard conditions cannot withstand defendants' Motion for Summary Judgment. The Eighth Amendment imposes a duty on prison officials to "provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take 'reasonable measures to guarantee the safety of the inmate.'" *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27, 104 S.Ct. 3194, 3200, 82 L.Ed.2d 393 (1984)). Wilson's claims must salsify an objective and subjective element: neither is satisfied in his case. First, the conditions at issue must be, "objectively, sufficiently serious," and an official's act or omission "must result in the denial of 'the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834, 114 S.Ct. at 1977 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981)). A plaintiff must prove that the deprivation is sufficiently serious in fact and in light of "contemporary standards of decency." *Helling v. McKinney*, 509 U.S. 25, 36, 113 S.Ct. 2475, 2482, 125 L.Ed.2d 22 (1993). Although a combination of conditions of confinement may present an Eighth Amendment violation when a single condition might not do so on its own, such allegations are only successful "when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise—for example, a low cell temperature at night combined with a failure to issue blankets." *See Wilson v. Seiter*, 501 U.S. 294, 304, 111 S.Ct. 2321, 2327, 115 L.Ed.2d 271 (1991).

■ The second, subjective, element requires that the defendants have a sufficiently culpable state of mind, or "deliberate indifference." *See Farmer*, 511 U.S. at 834, 114 S.Ct. at 1977. The *Farmer* court defined the requisite state of mind for a finding of "deliberate indifference" for an Eighth Amendment claim:

> A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.... [A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases by condemned as the infliction of punishment.

*Farmer*, 511 U.S. at 837–38, 114 S.Ct. at 1979. As a result, the *Farmer* court adopted subjective recklessness as the test for deliberate indifference in Eighth Amendment claims. *Id.* at 839–40, 114 S.Ct. at 1980.

■ Wilson has documented problems that he finds both upsetting and uncomfortable, but they do not meet the requirements of the objective element of an Eighth Amendment claim. *See, e.g., Seiter*, 501 U.S. at 304, 111 S.Ct. at 2327; *Kemp v. Hatcher*, Civ. A. No. 96–7, 1996 WL 612834, at *2 (E.D.Pa. Oct.25, 1996). Wilson has not demonstrated a material question as to whether he has been denied the minimal civilized measure of life's necessities, nor has he demonstrated a deprivation of a particular need.

■ The subjective element has not been met, as the individual defendants in this case have not demonstrated deliberate indifference. Instead, Wilson's complaints were addressed. The prison sprays for mice and other pests, and Wilson admits that the ants and mice he complained of are no longer a problem. Def. Mot. Ex. 1 at 10–11. He also

has to point to the lack of any evidence supporting the non-movant's claim. When the party moving for summary judgment is the party with the burden of proof at trial, and the motion fails to establish the absence of a genuine factual issue, the district court should deny summary judgment even if no opposing evidentiary matter is presented. *National State Bank v. Federal Reserve Bank*, 979 F.2d 1579, 1582 (3d Cir.1992).

admits that the prison did fix the broken window in his cell, and that he was given two blankets to protect himself against the cold. *Id.* at 14–15. Wilson gets regular exercise, commissary time, law library time, and regular population privileges. *Id.* at 16. He receives medical care when he requests it, and he states that his health is "pretty good" *Id.* at 5, 21. The longest period of noise from key banging by an individual defendant was twenty minutes. *Id.* at 20. He was never touched with the clinking handcuffs. *Id.* at 24.[2]

### B. *Failure to Respond to Grievances*

 Wilson names James Forr, the Grievance Coordinator for Frackville, and Robert Bittner, the Officer for the Central Review Committee, Department of Corrections, as defendants for failing to respond to his grievances. Prisoners are not constitutionally entitled to a grievance procedure and the state creation of such a procedure does not create any federal constitutional rights. *See, e.g., McGuire v. Forr,* Civ. A. No. 94–6884, 1996 WL 131130, at *1 (E.D.Pa. March 21, 1996), *aff'd,* 101 F.3d 691 (3d Cir.1996); *see also Adams v. Rice,* 40 F.3d 72, 75 (4th Cir.1994), *cert. denied,* 514 U.S. 1022, 115 S.Ct. 1371, 131 L.Ed.2d 227 (1995); *Mann v. Adams,* 855 F.2d 639, 640 (9th Cir.1988). Prisoners do have a constitutional right to seek redress of their grievances from the government, but that right is the right of access to the courts, and this right is not compromised by the failure of the prison to address his grievances. *See, e.g., Flick v. Alba,* 932 F.2d 728, 729 (8th Cir.1991). Summary judgment is appropriate for these claims as well.

### C. *Failure to Change Custody Status*

 Wilson also makes several claims against Russell Schueren, the Unit Manager at Frackville, regarding Schueren's refusal to change his custody status. Wilson has no federal constitutional right to a particular custody status; he also has not indicated the deprivation of a state created liberty interest which has imposed "atypical and significant hardship ... in relation to the ordinary incidents of prison life." *See Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995); *Griffin v. Vaughn,* 112 F.3d 703, 705–706 (3d Cir.1997). Wilson is housed in a single cell on the lower tier of A wing, which houses inmates in the general prison population; he is a member of that particular population, and his housing status is not atypical. Def Mot. Ex. 2, Declaration of Russell Schueren, ¶¶ 3–4. Summary judgment is entered on these claims as well.

### D. *Abuse and Retaliation*

 Wilson charges that a number of the individual defendants have verbally abused and harassed him by deliberately making noise outside his cell, criticizing him, and being hostile towards him. Pl. Resp., Exs. 3, 13–18. Wilson further alleges these individuals have retaliated against him for filing grievances; these claims also fail. Prison officials cannot punish or retaliate against a prisoner who exercises his First Amendment rights. However, there is nothing in this record to suggest any disciplinary action was taken against the plaintiff. *Cf Brooks v. Andolina,* 826 F.2d 1266, 1268–69 (3d Cir.1987) (disciplinary action for letter writing to outsiders); *Milhouse v. Carlson,* 652 F.2d 371, 373–74 (3d Cir.1981) (disciplinary action for instituting lawsuit); *Hill v. Blum,* 916 F.Supp. 470, 473 (E.D.Pa.1996)

---

**2.** Wilson has alleged *respondeat superior* liability on the part of defendant Horn, the Commission of the Department of Corrections, and Joseph Chesney, Superintendent, as well as individual liability. In order for any of the defendants to be liable under § 1983, they must have participated in or had personal knowledge of and acquiesced in the actions which plaintiff claims to have deprived him of his constitutional rights. *See Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir.1988). The mere fact that a defendant may hold a supervisory position is insufficient to find

liability, as there is no vicarious liability or *respondeat superior* liability in § 1983 cases. *See Hampton v. Holmesburg Prison Officials,* 546 F.2d 1077, 1082 (3d Cir.1976). To the extent to which Wilsor alleges *respondeat superior* liability on the part of these individual defendants, summary judgment is appropriate. To the extent to which Wilson claims personal involvement on their part, summary judgment is also appropriate, as he has not created a question of material fact as to their personal involvement or their deliberate indifference.

(loss of employment for filing administrative grievance); *Quinn v. Cunningham,* 879 F.Supp. 25, 27–28 (E.D.Pa.1995), *aff'd,* 85 F.3d 612 (3d Cir.1996) (denial of extra work hours for filing grievance). The verbal abuse and harassment of which he complains, although not commendable, does not rise to the level of a constitutional violation. *See Murray v. Woodburn,* 809 F.Supp. 383, 384 (E.D.Pa.1993).

### E. *Excessive Force*

Wilson claims that some of the guards have used excessive force against him. Def. Mot. Ex. 1, at 8; Pl. Resp. Exs. 19, 20. In order for a prisoner to state an Eighth Amendment claim for the excessive use of force by a prison official, he must establish that the force was not applied in a good-faith effort to maintain or restore discipline, but that it was maliciously and sadistically used to cause harm. *See Hudson v. McMillian,* 503 U.S. 1, 7, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992). Under *Hudson,* the absence of a serious injury to the inmate is relevant to this court's inquiry, but does not end it. *Id.* However, the Eighth Amendment's prohibition excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not "repugnant to the conscience of mankind." *Id.* at 10, 112 S.Ct. at 1000.[3] Wilson has not met his burden under *Hudson.* Wilson claims that certain guards shook him, but he has claimed no injury from these encounters, and the force used falls within the de minimis use of force described in *Hudson.*

In sum, Wilson has not set forth any violation of his constitutional rights. Accordingly, summary judgment is entered against the plaintiff on his claims.

---

3. Defendants note that 42 U.S.C. § 1997e(e) does not allow an inmate to recover for mental or emotional injury absent a prior showing of physical injury. Wilson clearly has not met the statutory standard, nor has he met the inquiry required under *Hudson.* *See, e.g., Siglar v. Hightower,* 112 F.3d 191, 193–94 (5th Cir.1997).