## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Steven Owens,                  :
                                     :
            Appellant        :
                                       :   No. 2624 C.D. 2015
         v.                   :   Submitted: August 19, 2016
                                       :
Commonwealth of PA,         :
Department of Corrections    :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                      **FILED: September 23, 2016**

This matter is an appeal from an order of the Court of Common Pleas of Schuylkill County (trial court) dismissing a *pro se* action filed by Steven Owens (Inmate), an inmate incarcerated in the State Correctional Institution (SCI) at Mahanoy (SCI-Mahanoy), against the Department of Corrections (DOC) and ten other defendants. The trial court dismissed the action in its entirety *sua sponte* as frivolous pursuant to Rule 240(j)(1) of the Pennsylvania Rules of Civil Procedure. For the reasons set forth below, we reverse the trial court's dismissal of Inmate's claims against three of the defendants and remand the claims against those defendants for further proceedings. With respect to the other eight defendants, we affirm the trial court's dismissal of the complaint against them, but on grounds different from those relied on by the trial court.

On October 2, 2015, Inmate filed a petition to proceed *in forma pauperis* and a complaint seeking damages for the loss of his "brand new Timberland boots." (Complaint ¶¶23-35, 53-68.) Inmate named as defendants DOC, the Commonwealth, the correctional facility SCI-Mahanoy, and eight DOC employees, SCI-Mahanoy corrections officers D. Rakus, Sergeant Shuluga, and Lieutenant W. Wagner, SCI-Mahanoy Superintendent John Kerestes, SCI-Mahanoy Deputy Superintendents Hugh Beggs and Michael Vuksta, SCI-Mahanoy Unit Manager Muick, and DOC Chief Grievance Officer Dorina Varner.[1] (*Id.* ¶¶4-14.)

In his complaint, Inmate alleges that he was transferred from SCI-Smithfield to SCI-Mahanoy on October 24, 2014 and that the property inventory from that transfer shows that he had the boots when he arrived at SCI–Mahanoy. (Complaint ¶¶17-22 & Ex. A.) Inmate alleges that the boots were in his possession until February 7, 2015, when he was transferred to the SCI-Mahanoy Restricted Housing Unit (RHU), that defendants Rakus and Shuluga secured his cell and packed his belongings, and that the boots were missing on February 26, 2015, when Inmate, while still in the RHU, was first permitted to inspect those belongings and an inventory was done. (*Id.* ¶¶23-33 & Ex. B.) Inmate filed a grievance seeking return of the boots if they were found or the $92.65 cost of the boots if they were not found. (*Id.* ¶35 & Ex. C.) Inmate alleges that defendant Wagner denied his grievance, that he appealed the denial through all stages of the grievance appeal process, and that defendants Kerestes and Varner denied those appeals. (*Id.* ¶¶38, 42-43, 45, 47 & Exs. E-J.)

---

[1] The full names of defendants Rakus, Shuluga, Wagner, and Muick do not appear in the complaint or elsewhere in the record. Defendant Varner is named in the Complaint as "Dorina Verna," but the documents attached to the Complaint indicate that her name is Varner.

On October 19, 2015, before service on any defendant was permitted, the trial court denied the petition to proceed *in forma pauperis* and dismissed the complaint as frivolous, on the ground that the action was barred in its entirety by sovereign immunity because Inmate's claims did not fall within any of the exceptions to sovereign immunity under 42 Pa. C.S. § 8522(b). (10/19/15 Trial Court Order; Trial Court Opinion.) Inmate timely appealed the dismissal to this Court. Our review of the trial court's *sua sponte* dismissal of this action is plenary. *McCool v. Department of Corrections*, 984 A.2d 565, 568 n.4 (Pa. Cmwlth. 2009).

Under Rule of Civil Procedure 240(j)(1), where "a party has filed a petition for leave to proceed in forma pauperis, the court prior to acting upon the petition may dismiss the action, proceeding or appeal … if it is satisfied that the action, proceeding or appeal is frivolous." Pa. R.C.P. No. 240(j)(1). In addition, a trial court may dismiss an inmate's action against prison officials "at any time, including prior to service on the defendant, if the court determines" that the action "is frivolous or malicious or fails to state a claim upon which relief may be granted or the defendant is entitled to assert a valid affirmative defense, including immunity, which, if asserted, would preclude the relief." 42 Pa. C.S. § 6602(e). The trial court, however, erred in concluding that Inmate's claims are barred in their entirety by sovereign immunity.

Suits against the Commonwealth and its agencies and employees are barred by sovereign immunity except to the extent that the General Assembly has specifically waived that immunity. 1 Pa.C.S. § 2310; *Tork-Hiis v. Commonwealth*, 735 A.2d 1256, 1258 (Pa. 1999); *Russo v. Allegheny County*, 125 A.3d 113, 116 (Pa. Cmwlth. 2015). Section 8522 of the Judicial Code grants a limited waiver of sovereign immunity for negligence claims against Commonwealth agencies and

3

employees where the claim is one for which damages would be recoverable against a non-government defendant and the negligent act falls within one of the nine categories for which sovereign immunity is waived by Section 8522(b). 42 Pa. C.S. § 8522(a); *Dean v. Department of Transportation*, 751 A.2d 1130, 1132 (Pa. 2000); *McCool*, 984 A.2d at 570.

Inmate argues that his complaint alleges a claim that falls within the care, custody or control of personal property exception to sovereign immunity set forth in Section 8522(b)(3). We agree. Section 8522(b)(3) waives sovereign immunity

> for damages caused by:
>              *              *             *
> (3) Care, custody or control of personal property.--The <u>care, custody or control of personal property in the possession or control of Commonwealth parties, including</u> Commonwealth-owned personal property and <u>property of persons held by a Commonwealth agency</u>, except that the sovereign immunity of the Commonwealth is retained as a bar to actions on claims arising out of Commonwealth agency activities involving the use of nuclear and other radioactive equipment, devices and materials.

42 Pa. C.S. § 8522(b)(3) (emphasis added). Claims by an inmate for loss of his personal property while it was under the care, custody or control of prison employees are claims for damages caused by the care of personal property in the possession or control of Commonwealth parties. *Williams v. Stickman*, 917 A.2d 915, 918 (Pa. Cmwlth. 2007); *see also Palmer v. Doe*, (Pa. Cmwlth., No. 2451 C.D. 2015, filed May 5, 2016), slip op. at 8-9, 2016 WL 2587417 at *3-*4; *Samuels v. Walsh*, (Pa. Cmwlth., No. 318 C.D. 2014, filed Nov. 17, 2014), slip op.

at 4-6, 2014 WL 10298879 at *2-*3.[2]  Therefore, as defendants acknowledge in their brief, actions for damages based on negligence in the prison employees' handling of an inmate's personal property that is under their care, custody or control are not barred by sovereign immunity.  *Williams*, 917 A.2d at 918; *Palmer*, slip op. at 8-9, 2016 WL 2587417 at *3-*4; *Samuels*, slip op. at 4-6, 2014 WL 10298879 at *2-*3.[3]

Inmate's complaint alleges that defendants Rakus and Shuluga, DOC employees, secured his cell and packed his belongings when he was transferred to the RHU and alleges that his boots were lost after defendants Rakus and Shuluga undertook this responsibility for care of Inmate's personal property.  (Complaint ¶¶23-31, 53-54, 61, 63-65.)  Such allegations are sufficient to state a cause of action against defendants Rakus and Shuluga, and defendant DOC as their employer, for damages caused by negligence in the care, custody or control of personal property that is not barred by sovereign immunity.  *Williams*, 917 A.2d at 916-18 (reversing dismissal of claim for negligent damage to inmate's television while in prison officials' possession); *Palmer*, slip op. at 9-11, 2016 WL 2587417 at *4-*5 (reversing dismissal of negligence claim for loss of inmate's desk lamp

---

[2] *Palmer*, *Samuels*, and *Roman v. Swartz*, (Pa. Cmwlth., No. 1243 C.D. 2012, filed May 15, 2013), 2013 WL 3982813, *Mercaldo v. Kauffman*, (Pa. Cmwlth., No. 1333 C.D. 2015, filed March 31, 2016), 2016 WL 1259563, and *Fauber v. Fetterolf, Harlow & Wetzel*, (Pa. Cmwlth., No. 1856 C.D. 2013, filed June 18, 2014), 2014 WL 2804348, discussed below, are unreported decisions.  These decisions are therefore not binding precedent, but are considered by the Court for their persuasive value.  210 Pa. Code § 69.414(a).

[3] The trial court based its conclusion that the personal property exception did not apply on this Court's statement in *Pennsylvania State Police v. Klimek*, 839 A.2d 1173 (Pa. Cmwlth. 2003) that the personal property itself must cause and not merely facilitate the injury. That requirement, however, exists only where the plaintiff seeks damages for an injury separate and distinct from the property in the Commonwealth's care, custody or control and has no applicability where, as here, the injury is the loss of the personal property itself.  *Williams*, 917 A.2d at 918 n.2.

5

and typewriter ribbons that prison officials failed to secure when inmate was placed in RHU); *Samuels*, slip op. at 7-10, 2014 WL 10298879 at *4-*5 (reversing dismissal of negligence claim for loss of inmate's legal documents and other personal property that prison officials failed to secure when inmate was placed in RHU). Indeed, this case is virtually indistinguishable from the claims in *Palmer* and *Samuels* that this Court held were not barred by sovereign immunity.

Defendants argue that the trial court's dismissal of Inmate's complaint can be sustained on the ground that Inmate asserts an intentional tort. Intentional tort claims are barred by sovereign immunity and the exception to sovereign immunity under Section 8522(b)(3) for damage to personal property does not apply to intentional damage to personal property. *Williams*, 917 A.2d at 917; *La Frankie v. Miklich*, 618 A.2d 1145, 1149 (Pa. Cmwlth. 1992) (*en banc*); *see also Roman v. Swartz*, (Pa. Cmwlth., No. 1243 C.D. 2012, filed May 15, 2013), slip op. at 4-5, 2013 WL 3982813 at *2-*3. Inmate's complaint, however, does not plead an intentional tort claim. Rather, it alleges that defendants' conduct that caused the loss of his boots was negligent, and does not make any allegations that defendants intentionally seized the boots as contraband or intentionally lost or destroyed the boots. (Complaint ¶¶23-31, 53-54, 58-59, 61, 63-65.) Because Inmate's complaint states negligence claims against defendants DOC, Rakus, and Shuluga for the loss of Inmate's boots that are not barred by sovereign immunity, the trial court erred in dismissing the action in its entirety.

The fact that this action is not wholly frivolous and cannot be dismissed in its entirety at this stage of the proceedings does not mean that it must proceed as to all eleven defendants or on all claims for relief pleaded by Inmate. A court may properly dismiss as frivolous claims that are legally insufficient or are

6

against defendants as to whom the complaint fails to state any cause of action, even if the complaint is not barred in its entirety. *Williams*, 917 A.2d at 917-18; *Palmer*, slip op. at 5-15, 2016 WL 2587417 at *3-*6. This Court may affirm a lower court's dismissal of a claim on grounds different from those relied on by the trial court. *McCool*, 984 A.2d at 570-72; *Guy M. Cooper, Inc. v. East Penn School District*, 903 A.2d 608, 618 n.9 (Pa. Cmwlth. 2006).

In addition to his claim for the loss of his boots, Inmate asserts a claim that defendants improperly investigated and handled his grievance concerning the missing boots and a claim for punitive damages. (Complaint ¶¶35-50, 57, 68(C).) Both of these claims were properly dismissed as frivolous. The providing of a prison grievance system does not confer constitutional rights on inmates concerning the handling of grievances and no cause of action exists for improper investigation or handling of an inmate grievance. *Samuels*, slip op. at 11-12, 2014 WL 10298879 at *6; *Burnside v. Moser*, 138 Fed. Appx. 414, 416 (3d Cir. 2005); *Wilson v. Horn*, 971 F. Supp. 943, 947 (E.D. Pa. 1997), *aff'd without op.*, 142 F.3d 430 (3d Cir. 1998). The law is also clear that the General Assembly's waiver of sovereign immunity applies only to claims for compensatory damages and that claims for punitive damages against the Commonwealth and its agencies and employees are barred. 42 Pa. C.S. § 8528(c); *Feingold v. Southeastern Pennsylvania Transportation Authority*, 517 A.2d 1270, 1276-77 & n.8 (Pa. 1986).

Inmate's claims against defendants Commonwealth, SCI-Mahanoy, Kerestes, Beggs, Vuksta, Wagner, Muick, and Varner are likewise frivolous. The waiver of sovereign immunity in Section 8522 of the Judicial Code applies only to claims against Commonwealth agencies and employees, and does not waive the immunity of the Commonwealth itself. 42 Pa. C.S. §§ 8501, 8522; *Tork-Hiis*, 735

7

A.2d at 1258; *Russo*, 125 A.3d at 118; *Hall v. Acme Markets, Inc.*, 532 A.2d 894, 897 (Pa. Cmwlth. 1987). Inmate's claims against defendant Commonwealth are therefore barred by sovereign immunity, notwithstanding the personal property exception to sovereign immunity in Section 8522(b)(3). With respect to defendant SCI-Mahanoy, Inmate has not alleged that it is anything other than the physical correctional facility itself. (Complaint ¶6.) Inmate's complaint thus does not establish that this defendant is an entity capable of being sued or that it constitutes an agency of the Commonwealth as to which sovereign immunity has been waived. In addition, Inmate alleges that all of the individuals on whose acts his claims are predicated are employees of defendant DOC. (*Id.* ¶¶7-15.) It is thus defendant DOC, not SCI-Mahanoy, that is the proper defendant.

The complaint's allegations concerning the individual defendants other than defendants Rakus and Shuluga are insufficient to state any cause of action against them. Inmate does not allege that defendants Kerestes, Beggs, Vuksta, Wagner, Muick, or Varner had any involvement in securing his personal property when he was transferred to the RHU or that any of these defendants handled or inspected his belongings. The only conduct of defendants Kerestes, Beggs, Vuksta, Wagner, Muick, or Varner set forth in the complaint concerns the handling of Inmate's grievance and these individuals' role in investigating what had happened to the boots after they were lost. (Complaint ¶¶34, 38-41, 43-44, 46-49.) As is explained above, there is no cause of action for improper investigation or handling of an inmate grievance. While Inmate also alleges that "defendants" are responsible for the acts of their subordinates that caused loss of the boots (*id.* ¶¶58-59), these general allegations do not state a valid cause of action against defendants Kerestes, Beggs, Vuksta, Wagner, Muick, or Varner. Public employees

8

are liable only for their own actionable conduct and are not vicariously liable for the acts of their subordinates. *DuBree v. Commonwealth*, 393 A.2d 293, 295 (Pa. 1978); *Mercaldo v. Kauffman*, (Pa. Cmwlth., No. 1333 C.D. 2015, filed March 31, 2016), slip op. at 9-10, 2016 WL 1259563 at *4; *Fauber v. Fetterolf, Harlow & Wetzel*, (Pa. Cmwlth., No. 1856 C.D. 2013, filed June 18, 2014), slip op. at 6, 2014 WL 2804348 at *3. Accordingly, the trial court's dismissal of the complaint as to these six individual defendants was proper because Inmate has failed to state a claim against them on which relief may be granted.

For the foregoing reasons, we affirm the trial court's dismissal of Inmate's claims against defendants Commonwealth, SCI-Mahanoy, Kerestes, Beggs, Vuksta, Wagner, Muick, and Varner, and reverse the trial court's dismissal of Inmate's compensatory damages claim against defendants DOC, Rakus, and Shuluga for the loss of his boots. We remand this matter to the trial court for further proceedings consistent with this opinion on Inmate's compensatory damages claim against defendants DOC, Rakus, and Shuluga relating to the loss of the boots.

_____
JAMES GARDNER COLINS, Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Steven Owens,                        :
                                  :
          Appellant           :
                                  :    No. 2624 C.D. 2015
       v.                       :
                                  :
Commonwealth of PA,          :
Department of Corrections      :

## O R D E R

AND NOW, this 23rd day of September, 2016, the Order of October 19, 2015 of the Court of Common Pleas of Schuylkill County is AFFIRMED IN PART and REVERSED IN PART. Said Order is AFFIRMED insofar as it dismissed Appellant's claims against defendants Commonwealth of Pennsylvania, SCI-Mahanoy, Kerestes, Beggs, Vuksta, Wagner, Muick, and Varner. Said Order is REVERSED insofar as it dismissed Appellant's compensatory damages claim against defendants Department of Corrections, Rakus, and Shuluga for the loss of his boots, and this matter is remanded to the Court of Common Pleas of Schuylkill County for further proceedings on that claim against defendants Department of Corrections, Rakus, and Shuluga in accordance with the foregoing opinion.

Jurisdiction relinquished.

_____
JAMES GARDNER COLINS, Senior Judge