# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Darren R. Gentilquore, : 
                Petitioner : 
                 : 
            v. :   No. 495 M.D. 2016 
                 :   Submitted: June 2, 2017 
Pennsylvania Department of : 
Corrections, : 
              Respondent : 

**BEFORE:**     **HONORABLE RENÉE COHN JUBELIRER,** Judge 
                **HONORABLE ANNE E. COVEY,** Judge 
                **HONORABLE JAMES GARDNER COLINS,** Senior Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**               **FILED: July 28, 2017**

Darren R. Gentilquore (Gentilquore), pro se, filed an Amended Petition for Review with exhibits (Amended Petition) in this Court's original jurisdiction, wherein he claims that when he filed a grievance alleging that employees of the Pennsylvania Department of Corrections (Department) either lost, stole, or damaged his personal property, the Department failed to follow its grievance policy, DC-ADM-804 (Grievance Policy), in a manner that amounts to bad faith. The Department filed a preliminary objection in the nature of a demurrer to Gentilquore's Amended Petition, asserting it fails to state any claims upon which relief may be granted. This demurrer is presently before the Court.

A preliminary objection in the nature of a demurrer "admit[s] all well-pleaded material facts and any inferences reasonably deduced therefrom." *Danysh v. Dep't of Corr.*, 845 A.2d 260, 262 (Pa. Cmwlth. 2004). In determining whether such preliminary objections should be sustained, we "need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Pa. State Lodge, Fraternal Order of Police v. Dep't of Conservation & Nat. Res.*, 909 A.2d 413, 416 (Pa. Cmwlth. 2006). This Court may sustain the objection and dismiss this case only if it appears with certainty that recovery is not permitted under the law. *Dep't of Corr. v. Tate*, 133 A.3d 350, 352 (Pa. Cmwlth. 2016). "[W]here any doubt exists as to whether the preliminary objections should be sustained, the doubt must be resolved in favor of overruling the preliminary objections." *Id.* (quoting *Pa. State Lodge, Fraternal Order of Police*, 909 A.2d at 416).

Accepting all facts asserted in the Amended Petition, as we must, the relevant facts here are as follows. Gentilquore was incarcerated in the State Correctional Institution at Forest (SCI-Forest) at the time he filed his Amended Petition.[1] Prior to filing his Amended Petition, Gentilquore filed a grievance pursuant to the Grievance Policy alleging missing, lost, and/or stolen property. Gentilquore received an initial review response (IRR) to his grievance from a Unit Manager, who "is the third named individual on the B section of the Grievance."[2] (Amended Petition ¶ 6). Gentilquore then appealed the IRR, citing a violation of the Grievance Policy, which prohibits a named party from responding to a

---

[1] According to Gentilquore's brief, he has since been transferred twice and currently resides at a different SCI.

[2] "Block B" of the Grievance Form asks for the identity of staff members the inmate has contacted before submitting the grievance.

2

grievance. The facility manager subsequently responded that no Grievance Policy violations had occurred. Gentilquore appealed this response to the Secretary's Office of Inmate Grievance and Appeals (SOIGA), who responded that simply naming a party in a grievance does not disqualify the named party from responding. Gentilquore claims this response is in direct violation of the Grievance Policy and that the Department's "[b]latant disregard" for said policy reveals an "attempt to cover for the rogue staff that intentionally steal and damage inmate property." (Amended Petition ¶ 10.) Gentilquore alleges that the Department's written accounts of where his property was taken conflict with each other, with one stating that the property was moved to security while the other states that it was not. Gentilquore asserts that the Department has denied or ignored Gentilquore's requests that video footage be reviewed to show who took the property and to where it was taken. Similarly, Gentilquore's requests to perform a hands-on inspection in order to have a better account of what is missing have been denied by inaction.

Gentilquore was later reunited with his property, at which point he discovered that some of the seized items had been "damaged and stolen." (Amended Petition ¶ 14.) The items alleged to be stolen include: a used and worn law dictionary; 2011 Pennsylvania Rules of Court; approximately 600 sheets of copy paper; 1 white 3-outlet extension cord; an AM/FM Sentry Radio serial number #022482; size 11 shower shoes; 2 record center boxes; size 11 Reebok sneakers; copies of the Department's policies; 1 deck of playing cards; and right-to-know documents. Additionally, 10 legal envelopes were returned to Gentilquore damaged. After fully complying with the Grievance Policy in seeking relief, Gentilquore filed the Amended Petition in this Court's original jurisdiction,

averring that the Department acted in bad faith throughout the grievance process. He requests that this Court "issue an order directing the [Department] to return and/or replace all [m]issing, [l]ost, and/or [s]tolen property" and to reimburse him the cost of postage and all copies made in filing. (Amended Petition Discussion.)

The Department has filed a demurrer asserting that Gentilquore has failed to state any claims in his Amended Petition. Specifically, the Department asserts that: (1) it is entitled to sovereign immunity from Gentilquore's intentional tort claims; (2) Gentilquore failed to state a claim for negligence regarding his damaged property; and (3) Gentilquore's due process claims related to the alleged failure to follow the Grievance Policy should be dismissed because Gentilquore has no constitutional right to particular grievance procedures. We will address each of these reasons in turn. We recognize that by accepting Gentilquore's allegations as fact, we accept that he has damaged or lost property that has taken him extensive time and energy to compile.

The Department correctly asserts that Gentilquore's allegations of intentional theft and destruction of his property are barred by sovereign immunity. Section 8521 of the Judicial Code, commonly known as the Sovereign Immunity Act,[3] "protects Commonwealth officials and employees acting within the scope of their duties from civil liability. 1 Pa.[]C.S. § 2310." *Kull v. Guisse*, 81 A.3d 148, 154 (Pa. Cmwlth. 2013).

> A commonwealth party is not liable unless (1) the alleged act of the commonwealth party is a negligent act for which damages would be recoverable under common law or by statute, 42 Pa.[]C.S. § 8522(a), and (2) the act of the commonwealth party falls within one of the

---

[3] 42 Pa. C.S. § 8521.

> exceptions listed in 42 Pa.[]C.S. § 8522(b).[4] These exceptions must be strictly construed and narrowly interpreted. *Bufford v. P[a.] Dep['t] of Transp[.]*, 670 A.2d 751[, 753] (Pa. Cmwlth. 1996).

*Brown v. Blaine*, 833 A.2d 1166, 1173 (Pa. Cmwlth. 2003). This Court has held that "state employees do not lose their immunity for intentional torts, provided they are acting within the scope of their employment." *Kull*, 81 A.3d at 157. Gentilquore does not assert that any of the Department's employees involved were acting outside the scope of their employment, and the exception to sovereign immunity set forth in Section 8522(b)(3) (related to damage to personal property in the care, custody, or control of a Commonwealth party), does not apply to intentional damage or takings, *Tate*, 133 A.3d at 359-60. Therefore, Gentilquore's intentional tort claims are barred by sovereign immunity.

To the extent that Gentilquore alleges his property was lost or damaged due to negligence, Gentilquore is required "to plead all the facts that he must prove in order to achieve recovery on the alleged cause of action." *McCulligan v. Pa. State Police*, 123 A.3d 1136, 1141 (Pa. Cmwlth. 2015), *aff'd*, 135 A.3d 580 (Pa. 2016). "Pennsylvania is a fact-pleading jurisdiction; consequently, a pleading must not only apprise the opposing party of the asserted claim, it must also formulate the issues by summarizing those facts essential to support the claim." *Richardson v. Wetzel*, 74 A.3d 353, 356-57 (Pa. Cmwlth. 2013) (internal quotation marks omitted). Thus, in order to establish a cause of action for negligence under the

---

[4] Pursuant to Section 8522(b) of the Sovereign Immunity Act, a Commonwealth party may be liable for damages due to: (1) vehicle liability; (2) medical-professional liability; (3) care, custody or control of personal property; (4) Commonwealth real estate, highways and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody or control of animals; (7) liquor store sales; (8) National Guard activities; and (9) toxoids and vaccines. 42 Pa. C.S. § 8522(b).

common law, Gentilquore's Amended Petition must allege that the Department owed him a duty of care, the Department breached that duty, the breach resulted in Gentilquore's injury, and Gentilquore suffered an actual loss or damage. *Martin v. Evans*, 711 A.2d 458, 461 (Pa. 1998).

Here, Gentilquore fails to plead a claim for negligence in his Amended Petition. The majority of Gentilquore's property is noted as missing, but Gentilquore has not pleaded that the Department owed him a duty, that such duty was breached, or how it was breached, regarding the lost property. Regarding the 10 damaged legal envelopes, Gentilquore does not plead facts in the Amended Petition as to how the envelopes were damaged, what the damage was, or whether that damage was intentional or negligent.[5] Moreover, nowhere in the Amended Petition does Gentilquore allege that his property was damaged due to a breach of the standard of care. As the necessary elements for a negligence claim are absent from Gentilquore's Amended Petition, he has failed to state a negligence claim. However, "[i]f it is possible that the pleading can be cured by amendment, a court 'must give the pleader an opportunity to file an amended complaint . . . . This is not a matter of discretion with the court but rather a positive duty.'" *Jones v. City of Phila.*, 893 A.2d 837, 846 (Pa. Cmwlth. 2006) (quoting *Framlau Corp. v. Cnty. of Delaware,* 299 A.2d 335, 337 (Pa. Super. 1972)). As it may be possible for Gentilquore to state a claim for relief on the grounds of negligence, we will afford him the opportunity to amend his Amended Petition rather than dismiss the action.

---

[5] Gentilquore attempts to explain the damage to the envelopes in more detail in his brief, but as these facts were not included in the Amended Petition, they may not be considered in this decision.

Finally, we address Gentilquore's assertion that the Department's failure to follow its Grievance Policy by allowing a named party to respond to a grievance and ignoring his requests to review the video amounts to bad faith, which we interpret as implicating the right to due process. Gentilquore alleges that the Department's Policy, "DC-ADM 804 Section 1 (c)(3) which prohibits a Named party from responding to the Grievance,"[6] was violated here because the Unit Manager who responded to the Grievance "is the third named individual on the B section of the Grievance." (Amended Petition ¶ 6.) Gentilquore contends that the Department did not follow its Grievance Policy.[7]

The Department is correct that "[t]he Constitution does not require strict adherence to administrative regulations and guidelines." *Luckett v. Blaine*, 850 A.2d 811, 820 (Pa. Cmwlth. 2004). We have previously stated that "[t]he providing of a prison grievance system does not confer constitutional rights on

---

[6] The relevant policy states the following:

> If the Facility Grievance Coordinator/designee determines that the grievance is properly submitted according to this procedures manual, the Facility Grievance Coordinator/designee will designate a staff member to serve as the Grievance Officer for that grievance. The staff member who serves as the Grievance Officer shall not be directly involved *in* or named as the subject of the grievance in **Section A and/or B** of the **DC-804, Part 1**.

(Amended Petition, Ex. 3 (emphasis in original).)

[7] Section B asks for a list of actions taken and the identity of staff members the inmate has contacted to resolve the matter before submitting the grievance. The decision of the SOIGA contains the following explanation. "A review of your grievance reveals that [Unit Manager] was not a grieved party. There is a difference between being a party to the grievance and simply being mentioned as someone who you spoke to or had written a request. Your request for remand based on this is unwarranted." (Amended Petition, Ex. 2 at 7.) We note that Unit Manager was not named in the Grievance as being "directly involved in," or "named as the subject of the grievance" in either section A or B, and was not named in connection with the alleged missing, lost and/or stolen property.

7

inmates concerning the handling of grievances and no cause of action exists for improper investigation or handling of an inmate grievance." *Owens v. Commonwealth*, (Pa. Cmwlth., No. 2624 C.D. 2015, filed Sept. 23, 2016), slip op. at 7 (affirming the dismissal of a claim that prison employees failed to properly investigate a grievance regarding missing property, but allowing allegations of negligence in the loss of the property to go forward);[8] *see Wilson v. Horn*, 971 F. Supp. 943, 947 (E.D. Pa. 1997), *aff'd without op.*, 142 F.3d 430 (3d Cir. 1998). The referenced Grievance Policy also advises inmates that **the Policy** does not create rights concerning the handling of grievances.[9] "The Constitution only requires compliance with minimal federal due process standards protected by the Due Process Clause of the Fourteenth Amendment"[10] when administrative regulations and guidelines are concerned, *Luckett*, 850 A.2d at 820, and "[a]n agency's failure to follow its rules and regulations . . . is not a per se violation of due process," *Tolchin v. Supreme Court of the State of New Jersey*, 111 F.3d 1099, 1115 (3d Cir. 1997) (citing *U.S. v. Caceres*, 440 U.S. 741 (1979)). Because an

---

[8] Pursuant to this Court's Internal Operating Procedures:

> An unreported opinion of this court may be cited and relied upon when it is relevant under the doctrine of law of the case, res judicata or collateral estoppel. Parties may also cite an unreported panel decision of this court issued after January 15, 2008, for its persuasive value, but not as binding precedent.

210 Pa. Code § 69.414(a).

[9] DC-ADM 815(VI): Rights Under this Policy at 2 (stating "[t]his policy does not create rights in any person nor should it be interpreted or applied in such a manner as to abridge the rights of any individual"), *available at* http://www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/815%20Personal%20Property%20State%20Issued%20Items%20and%20Commissary%20-%20Outside%20Purchases.pdf (last visited June 28, 2017).

[10] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

agency's failure to follow its policy is not a per se violation of due process, an allegation of a violation of the Grievance Policy, without more, does not state a claim for a violation of due process. Accordingly, Gentilquore has failed to state a claim upon which relief can be granted based on his assertion that the Department did not strictly adhere to its Grievance Policy.

Based on the foregoing conclusions, this Court will sustain the preliminary objections regarding the intentional tort and violation of the Grievance Policy claims on their merits, and dismiss them with prejudice. We also sustain the demurrer regarding the negligence claim with leave to amend the Petition for Review within 30 days.

_____
**RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Darren R. Gentilquore,            :
                    Petitioner   :
                                  :
            v.                    :   No. 495 M.D. 2016
                                  :
Pennsylvania Department of        :
Corrections,                      :
                    Respondent   :

# **O R D E R**


    **NOW**, July 28, 2017, the preliminary objection in the nature of a demurrer filed by the Pennsylvania Department of Corrections is **SUSTAINED**.  Darren R. Gentilquore's intentional tort and violation of the Grievance Policy claims in his Amended Petition for Review are **DISMISSED WITH PREJUDICE**. Gentilquore is granted leave to amend his Petition for Review regarding the negligence claim within 30 days of this date in accordance with the accompanying opinion.


                                            _____

                                            **RENÉE COHN JUBELIRER,** Judge