William Mayo,                          :
                    Petitioner        :
                                      :
          v.                          :
                                      :
Darla Cowden, Darren Casper,          :
and Jay Lane,                         :      No. 640 C.D. 2018
                    Respondents       :      Submitted: February 22, 2019


BEFORE:   HONORABLE ANNE E. COVEY, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                            FILED: April 5, 2019


          William Mayo (Mayo), pro se, appeals from the Fayette County
Common Pleas Court's (trial court) April 9, 2018 order[1] dismissing his complaint
(Complaint) against Physician's Assistant Darla Cowden (Cowden),[2] and
Pennsylvania Department of Corrections' (Department) employees - Grievance
Officer Darren Casper (Casper) and Facility Manager Jay Lane (Lane) (collectively,
Appellees) as frivolous. Essentially, the issue before this Court is whether the trial
court erred by dismissing the Complaint as frivolous.[3] After review, we affirm.

---

[1] The subject order was signed on April 6, 2018, but it was not filed/entered on the docket until April 9, 2018.

[2] Because Mayo did not serve the Complaint upon Cowden before the trial court's dismissal of the action, Cowden is not a party.

[3] Mayo presents two issues in his Statement of Questions Involved:

> 1. Whether the trial court abused its arbitrary discretion when it denied [Mayo's] motion for default judgment (upon a[n] answer being filed by [A]ppellees[]), in which because of the validity within [Mayo's] [C]omplaint being a significant hardship regarding his weight deprivation arguably raises to a[n] undue prejudice and not just a standard motion being denied, thusly because if it[']s any truth

Mayo is an inmate currently incarcerated at State Correctional Institution (SCI)-Smithfield, who was formerly detained at SCI-Fayette. On October 14, 2016, Mayo filed his Complaint with this Court requesting damages and injunctive relief for alleged violations of his rights under the Eighth and Fourteenth Amendments to the United States Constitution.[4] On that same date, Mayo also filed an application for leave to proceed *in forma pauperis* (Application).

In his Complaint, Mayo alleged that when he was transferred to SCI-Fayette on November 20, 2015, he was assigned a special diet that excluded onions, tomatoes, peppers and spices (Special Diet). The Special Diet was allegedly not to his liking because, although he was allergic only to onions, it restricted the additional items. As this Court can best discern from the Complaint and attached exhibits, on December 14, 2015 (less than one month after arriving at SCI-Fayette), Mayo submitted a form to the Department to no longer have the Special Diet and return to a regular diet, and he attempted to independently restrict onions from his meals.

On March 21, 2016, Mayo filed a request with SCI-Fayette's Dietary Department that he be provided a no-onion diet. On March 24, 2016, the Department responded:

---

> to [A]ppellees' assertion of 'it being no proper service was effectuated on the corrections defendant' it would **only** reflect the diligence of the [t]rial [c]ourt's [p]rothonotary (after [Mayo's] [C]omplaint survived the [t]rial [c]ourt[']s screening process) and it, as a[n] independent fact, don't [sic] negate [Mayo] of his due process.
>
> . . . .
>
> 2. Whether the [t]rial [c]ourt continued to abuse its arbitrary discretion, in the same regard, concerning [Mayo] pointing what transpired out within his concise statement of errors complained of on appeal.

Mayo Br. at 8-9. Because Mayo's exact claims are unclear, this Court will address the all-encompassing issue of whether the trial court properly dismissed Mayo's Complaint.

[4] This Court originally docketed the Complaint at 575 M.D. 2016.

Mr. Mayo[:] on [November 20, 2015] we received a copy of a diet order for a no tomato[,] onion[,] pepper [and] spice [diet]. Then on [December 14, 2015] we received an email from [the] Medical [Department] that said you signed a D/C 462 taking yourself off your diet.

If your [sic] requesting the diet again, you need to get with [the] Medical [Department] so they [sic] can re[-]order your diet. We cannot issue the diet[.] It needs to come from [the] Medical [Department].

Original Record (O.R.) Item No. 1, Complaint Exhibit A, Inmate Request to Staff Member, Form 2C-135A.

Mayo further alleged in his Complaint that, on March 29, 2016, he filed a grievance with the Department. Mayo asserted in the grievance that the food restrictions, other than onions, was a due process violation; he requested a diet restricting only onions, and sought $2,000 for constitutional violations. On April 15, 2016, after initially refusing testing for allergies, Mayo submitted to a blood test. On April 19, 2016, Casper denied Mayo's grievance, stating:

In December of 2015, you signed off [of] the [Special D]iet that was ordered for you by the Central Office Dietician. The [Special D]iet was ordered for you based on information provided to the Dietician by the Medical [D]epartment. The Dietary Department at SCI[-]Fayette does not order special diets for inmates that reside here. The Dietary Department at SCI[-]Fayette[] provides all of the diets that are ordered by the Central Office Dietician and monitors these diets for compliance by the inmates who are receiving the diets. The Medical [D]epartment forwarded your information to the Central Office Dietician and the [Special D]iet was ordered for you. After you signed off [of] th[e Special D]iet[,] the Dietary Department is no longer able to provide you with a special diet request. [sic] The process has to be initiated through the Medical Department. Based on the above finding of facts and lack of merit of your complaints[,] I must deny your grievance and any relief sought.

O.R. Item No. 1, Complaint Exhibit A, Initial Review Response.

On April 20, 2016, Mayo's blood test revealed that he is not allergic to onions. Accordingly, the Medical Department declined to order Mayo a special diet. On April 27, 2016, Mayo submitted a grievance appeal challenging the April 19, 2016 denial. Lane reviewed the appeal and on May 23, 2016, explained:

> I find . . . Casper's response appropriate and your appeal lacking any credible evidence which would convince me to overturn his decision. In his response to you, . . . Casper fully explained to you all the factors that his denial was based on.
>
> You signed off your [S]pecial [D]iet in December of 2015 and after signing off the [Special D]iet, the Dietary Department is no long[er] able to provide you with a special diet request. The process has to be initiated through the Medical Department. Therefore, I spoke to the Medical Department and they [sic] reported that you requested a special diet of no onions again on [March 21, 2016]. You initially refused testing for allergies, however, you then complied to be tested. Blood work was drawn on [April 15, 2016] and the Medical Department received the results on [April 20, 2016]. Test results revealed that you are not allergic to onions. No new diet was ordered and you are currently on a regular diet. If you feel it is necessary that you be on a special diet, you need to sign up for [a] sick call.
>
> Based on the fact that the investigation of this grievance failed to indicate a violation of policy, your appeal and requested relief are denied.

O.R. Item No. 1, Complaint Exhibit A, Appeal Response.

Mayo also averred in his Complaint that on June 9, 2016, he submitted a final level grievance appeal. On June 24, 2016, Chief Grievance Officer Dorina Varner dismissed his appeal because it was untimely. *See* O.R., Item No. 1, Complaint Exhibit A, Final Appeal Decision Dismissal.

Mayo claimed in his Complaint that Cowden's and Casper's actions constituted cruel and unusual punishment under the Eighth Amendment, and that

4

Lane's actions violated Mayo's due process rights. He requested this Court to order Cowden to re-approve him for an onion-free diet, order Casper to enhance his onion-free diet until he returns to his normal 190 pound weight, award compensatory and punitive damages, and award him nominal litigation costs.

By October 19, 2016 order, this Court transferred the action to the trial court.[5] On June 15, 2017, Mayo filed a request for default judgment (Default Judgment Motion) because the Department had not responded to his Complaint. On June 28, 2017, the Department responded to the Default Judgment Motion, alleging that Mayo failed to make proper process service on Appellees. On July 12, 2017, Mayo answered the Department's response. On April 6, 2018, the trial court dismissed Mayo's Complaint with prejudice pursuant to Section 6602(e) of the portion of the Judicial Code commonly referred to as the Prison Litigation Reform Act (PLRA), 42 Pa.C.S. § 6602(e), which permits a court to dismiss frivolous prison conditions litigation. Mayo appealed to this Court.[6]

---

[5] This Court's October 19, 2016 Order explained in relevant part:

> Upon consideration of petitioner's pro se complaint, in which petitioner seeks money damages from respondents for an alleged violation of petitioner's constitutional rights, and this court lacking jurisdiction over tort actions for money damages whether based on common law trespass or 42 U.S.C. §1983 because such actions are in the nature of trespass in that they seek money damages as redress for an unlawful injury and are properly commenced in the court of common pleas, *see Fawber v. Cohen*, 532 A.2d 429 (Pa. 1987); *Balshy v. Rank*, 490 A.2d 415 (Pa. 1985), this matter is transferred to the [trial court].

Order, (Pa. Cmwlth. No. 575 M.D. 2016, filed October 19, 2016). The Court's October 19, 2016 order also granted Mayo's Application and waived the Court's filing fee.

[6] "When reviewing the decision of a trial court, our scope of review is limited to a determination of whether constitutional rights have been violated or whether the trial court abused its discretion or committed an error of law." *Bailey v. Wakefield*, 933 A.2d 1081, 1083 n.4 (Pa. Cmwlth. 2007).

Section 6602(e) of PLRA, provides, in relevant part:

> [T]he court shall dismiss prison conditions litigation at any time, including prior to service on the defendant, if the court determines . . . :
>
> . . . .
>
> (2) The prison conditions litigation is frivolous or malicious or fails to state a claim upon which relief may be granted or the defendant is entitled to assert a valid affirmative defense, including immunity, which, if asserted, would preclude the relief.

42 Pa.C.S. § 6602(e). The PLRA defines "prison conditions litigation" as:

> A civil proceeding arising in whole or in part under [f]ederal or [s]tate law with respect to the conditions of confinement or the effects of actions by a government party on the life of an individual confined in prison. The term includes an appeal. The term does not include criminal proceedings or habeas corpus proceedings challenging the fact or duration of confinement in prison.

42 Pa.C.S. § 6601. Further, the PLRA defines "[f]rivolous" as "[l]acking an arguable basis either in law or in fact." 42 Pa.C.S. § 6601. Accordingly, this Court will consider whether the trial court properly concluded that Mayo's claims lack any basis in law or in fact and, thus, are frivolous.

In the Complaint, Mayo alleged that Cowden's and Casper's failure to provide him a diet restricting only onions constituted cruel and unusual punishment. The law is well established:

> Prison conditions may amount to cruel and unusual punishment if they cause 'unquestioned and serious deprivations of basic human needs . . . [] [that] deprive inmates of the minimal civilized measure of life's necessities.' [*Rhodes v. Chapman*, 452 U.S. 337,] 347 [(1981)]. Accordingly, when the government takes a person into custody against his or her will, it assumes responsibility

6

for satisfying basic human needs such as food, clothing, shelter, medical care, and reasonable safety.

*Tillman v. Lebanon Cty. Corr. Facility*, 221 F.3d 410, 417-18 (3d Cir. 2000). "The Eighth Amendment . . . has been interpreted such that a prisoner is only entitled to **adequate** food, clothing, shelter, sanitation, medical care and personal safety." *Bullock v. Horn*, 720 A.2d 1079, 1082 (Pa. Cmwlth. 1998) (emphasis added). Consequently, "[f]ood served in prison must be nutritious, but it does not have to be delicious or even particularly appetizing." *Banks v. Beard*, (W.D. Pa., No. 2:03cv659, filed August 1, 2006), slip op. at ___, 2006 U.S. Dist. LEXIS 52985, at *34-35. *See also Tindell v. Dep't of Corr.*, 87 A.3d 1029 (Pa. Cmwlth. 2014).

Mayo did not assert that he was deprived of nutritious food. Mayo was initially provided a diet responsive to his claim that he was allergic to onions. He was dissatisfied that the Special Diet also eliminated tomatoes, peppers and spices. However, once he removed himself from the Special Diet, returned to a regular diet and the Medical Department determined that he had no onion allergy, it declined to place him on a new diet. So long as Mayo's Special Diet was nutritious, the ancillary deprivation of tomatoes, peppers and spices did not constitute cruel and unusual punishment. Nor was Mayo subjected to cruel and unusual punishment when he was denied a new onion-free diet, given that he has no onion allergy. For these reasons, Mayo's Eighth Amendment violation claim "[l]ack[s] an arguable basis either in law or in fact." 42 Pa.C.S. § 6601.

Mayo further claimed that Lane violated his due process rights by denying his grievance appeal in that

> Lane[] rendered his appellate response adopting . . . Casper's initial review response despite it containing several glaring errors of material fact and can arguably place in question if the totality of . . . Lane's appellate response was to undermine the fact that the foregoing issue

7

is predicated from the negligence of staff at SCI[-]Fayette's dietary department.

Complaint ¶ 15. The Complaint did not contain any other factual misconduct allegations against Lane.

> Prisoners are not constitutionally entitled to a grievance procedure and the state creation of such a procedure does not create any federal constitutional rights. Prisoners do have a constitutional right to seek redress of their grievances from the government, but that right is the right of access to the courts, and this right is not compromised by the failure of the prison to address his grievances.

*Wilson v. Horn*, 971 F. Supp. 943, 947 (E.D. Pa. 1997) (citations omitted), *aff'd*, 142 F.3d 430 (3d Cir. 1998). Because Mayo made no constitutional violation claim against Lane with respect to Lane's disposition of his grievance, Mayo's Fourteenth Amendment claim against Lane is without an "arguable basis in either law or fact." 42 Pa.C.S. § 6601.

For all of the above reasons, the trial court's order is affirmed.[7]

_____
ANNE E. COVEY, Judge

---

[7] It appears that the trial court incorrectly concluded that Mayo had "signed off **on**" the Special Diet, continued on the Special Diet, and that Mayo alleged that the Special Diet had caused significant weight loss. Trial Court Op. at 1 (emphasis added). Rather, the Complaint and exhibits reflect that Mayo signed off **of** the Special Diet in December 2015. In other words, Mayo requested to discontinue the Special Diet and thereafter received a regular diet, but continued to request a no-onion diet. It appears from the Complaint that Mayo's alleged weight loss resulted from Mayo's attempt on his own to modify the regular diet to address his perceived onion allergy. Nonetheless, for the reasons stated herein, this Court concludes that the Complaint is frivolous.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Mayo,                            :
                        Petitioner       :
                                         :
            v.                           :
                                         :
Darla Cowden, Darren Casper,             :
and Jay Lane,                            :      No. 640 C.D. 2018
                        Respondents      :

## O R D E R

AND NOW, this 5th day of April, 2019, the Fayette County Common Pleas Court's April 9, 2018 order is affirmed.

_____
ANNE E. COVEY, Judge